UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                  )<br>)<br>TONYA L. WILSON,                 )<br>)<br>          Defendant.                    )<br>                                              ) | No. 98-mj-0558 (TFH/DAR) |

## MEMORANDUM OPINION

Pending before the Court is the Government's Objection to the Magistrate Judge's Order Granting Defendant's Motion to Expunge Her Criminal Record. In its objection, the government contends that, because the record establishes that Ms. Wilson is not entitled to the relief she seeks, the magistrate judge erred in granting Ms. Wilson's motion to expunge. For the reasons that follow, the Court will vacate the magistrate judge's order and deny Ms. Wilson's motion.

## BACKGROUND

In August of 1999, Ms. Wilson pled guilty before a magistrate judge to an information charging her with one count of embezzlement and conversion of public funds, in violation of 18 U.S.C. § 641. The magistrate judge sentenced Ms. Wilson to two years' probation and fifty hours of community service and ordered her to pay $9,847.14 in restitution. Ms. Wilson subsequently completed her sentence and moved for expungement of her criminal record. On January 15, 2008, without analysis, the magistrate judge granted Ms. Wilson's motion, finding that the "facts proffered by [Ms. Wilson]—none of which are disputed by the government—constitute 'extraordinary circumstances' warranting the exercise of undersigned's

discretion to grant the relief requested." Docket # 16, No. 98-mj-0558 (D.D.C. Jan. 15, 2008) (citations omitted).

## DISCUSSION

While conceding the validity of her arrest and conviction, Ms. Wilson contends she is entitled to expungement because she successfully completed her sentence, has been convicted of no other offense, and is rehabilitated. Def. Reply to Gov't Obj. 1-2. She seeks expungement to "become eligible for county government positions that require background investigations" and so that, "in the near future," she may become a foster parent. *Id.* at 2.

While the Court is not unsympathetic to Ms. Wilson's dilemma, she cites no, and the Court is unaware of any, statutory basis for expungement. *See Doe v. Webster*, 606 F.2d 1226, 1231 (D.C. Cir. 1979) ("[A]bsent specific statutory authority it would be wholly inappropriate to order such expungement in a case such as this where there has been not only a valid arrest but a valid conviction."). And Ms. Wilson fails to make the necessary showing for this Court to exercise its inherent, equitable expungement power. *See id.* at 1231 ("[A]lthough there are indeed many instances in which courts have ordered expungement . . . in the exercise of their inherent equitable powers, all of those cases involved either a lack of probable cause coupled with special circumstances, flagrant violations of the Constitution, or other unusual and extraordinary circumstances." (footnotes omitted)).

Although the Court credits Ms. Wilson's assertion that her criminal record is a hurdle to her attaining the employment she desires and to becoming a foster parent, such harm is insufficient to outweigh the government's interest in maintaining a record of her arrest and conviction, as Ms. Wilson does not argue that she was improperly arrested or convicted or that

her present situation is unattributable to her own actions. *See Webster*, 606 F.2d at 1231 (The general rule . . . is that expungement of an arrest record is appropriate when serious governmental misbehavior leading to the arrest, or unusually substantial harm to the defendant not in any way attributable to him, outweighs the government's need for a record of the arrest." (footnote omitted)). A conviction for violating a federal criminal law is a serious matter that carries with it collateral consequences like those Ms. Wilson currently faces. The existence of such consequences, however, even when combined with exemplary rehabilitation, does not rise to the level of the exceptional circumstances necessary to justify this Court's exercise of its equitable power to expunge records of a valid arrest and conviction absent a showing of some violation of rights. *See Livingston v. United States Dep't of Justice*, 759 F.2d 74, 78 (D.C. Cir. 1985) (holding that, before expunging a criminal record, the court must find the "remedy is necessary and appropriate in order to preserve basic legal rights").

## CONCLUSION

Because Ms. Wilson has not established that she was improperly arrested or convicted or that unusual or exceptional circumstances justify the expungement of her valid arrest and criminal conviction, the Court will vacate the magistrate judge's order and deny Ms. Wilson's expungement motion.

June 17th, 2008

Thomas F. Hogan
District Court Judge

3